Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGNACIO HERNANDEZ, on behalf of himself, and others similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> NINOS 46 CORP., VENDOME FOOD SERVICE OF NEW YORK, INC., or Any other business entity doing business as NINO'S 46, located at 39 West 46th Street New York, New York 10036, and FRANCO VENDOME and MICHELE VENDOME, individually, <br><br> Defendants. | Case No.:  18 CV 74 <br><br> **COMPLAINT IN AN FLSA ACTION** <br><br> ECF Case |

Plaintiff, Ignacio Hernandez ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Ninos 46 Corp., Vendome Food Service of New York, Inc., or any other business entity doing business as "Nino's 46", located at 39 West 46th Street, New York, New York 10036 (hereinafter, "Nino's 46"), and Franco Vendome and Michele Vendome, individually (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.      Plaintiff, Ignacio Hernandez, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff, Ignacio Hernandez, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked a span greater than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Bronx County, New York.

6.      Defendant, Ninos 46 Corp., *dba* Nino's 46, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 39 West 46th Street, New York, New York 10036.

7. Defendant, Vendome Food Service of New York, Inc., *dba* Nino's 46, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 39 West 46th Street, New York, New York 10036.

8. Upon information and belief, Defendant, Franco Vendome, is the owner, officer, director and/or managing agent of Nino's 46, whose address is unknown at this time and who participated in the day-to-day operations of Nino's 46 and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Nino's 46.

9  Upon information and belief, Defendant, Michele Vendome, is the owner, officer, director and/or managing agent of Nino's 46, whose address is unknown at this time and who participated in the day-to-day operations of Nino's 46 and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Nino's 46.

10. At times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

11. Plaintiff, Ignacio Hernandez, was employed by Defendants in New York County, New York, to work as a pizza-maker, for Defendants' restaurant known as "Nino's 46" from April 2015, continuously through February 2016.

12. At all relevant times, Nino's 46 was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, Ignacio Hernandez, was directly essential to the business operated by Nino's 46.

14. At all relevant times, the work performed by Plaintiff, was directly essential to the businesses operated by Ninos 46 Corp. and Vendome Food Service of New York, Inc.

15. To the extent Ninos 46 Corp. and Vendome Food Service of New York, Inc. are actually separate corporations, each engage in related activities, namely, operating a restaurant / pizzeria in midtown Manhattan. The corporations shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to employees, paid their employees by the same method, shared control over the employees, and are themselves under common control and management.

16. The corporations Ninos 46 Corp. and Vendome Food Service of New York, Inc. are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

17. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

18. The corporate defendants share a common commercial business purpose, namely, construction / general contracting services.

19. Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

20. Upon information and belief, the corporate defendants, namely, Ninos 46 Corp. and Vendome Food Service of New York, Inc., shared control of Plaintiff.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Ignacio Hernandez lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Ignacio Hernandez lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

23. Plaintiff, Ignacio Hernandez, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

24. In or about April 2015, Plaintiff, Ignacio Hernandez, was hired by Defendants to work as a pizza-maker, at Defendants' restaurant known as "Nino's 46" located at 39 West 46th Street, New York, New York 10036.

25. Plaintiff, Ignacio Hernandez, worked for the Defendants continuously, and without interruption, between April 2015 and February 2016.

26. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked seven (7) shifts per week, and his weekly hours were approximately seventy seven (77) per week.

27. Plaintiff was not paid overtime compensation. Plaintiff was an hourly rate of $16.00 per hour for all hours worked.

28. Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly rate of pay as required by state and federal law.

29. Plaintiff was paid his wages in cash and he did not punch a time clock.

30. Plaintiff was not a tipped employee.

31. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying overtime compensation, to the Plaintiff and other similarly situated employees.

32. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

34. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

35. Defendant, Franco Vendome, is an individual who, upon information and belief, owns the stock of Nino's 46, owns Nino's 46, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36. Defendant Franco Vendome directly controlled the terms and conditions of Plaintiff, and similarly situated employees' employment, in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

37. Defendant, Michele Vendome, is an individual who, upon information and belief, owns the stock of Nino's 46, owns Nino's 46, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

38. Defendant Michele Vendome directly controlled the terms and conditions of Plaintiff, and similarly situated employees' employment, in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

39. Neither at the time of hire, nor at any time thereafter, did Defendants provided Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

40. Plaintiff normally worked over forty (40) hours per week.

41. Plaintiff was not permitted to punch a time clock and his pay was based on his weekly schedule, not his actual working hours.

42. At no time during his employment did Defendants provide Plaintiff with a weekly wage statement when paying him his cash wages, which explained Plaintiff's gross wages, deductions, and net wages.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Plaintiff, Ignacio Hernandez, was and is entitled to be paid at the rate of time and one-half his regular hourly rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, illegally deducting wages, and not paying statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

51. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiff, Ignacio Hernandez, of his rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times Plaintiff's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

61. Defendants did not provide Plaintiff and all other similarly situated employees, with any document or written statement accurately accounting for their actual

hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

62. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

63. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

65. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

67. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

68. Plaintiff was paid cash, and not provided with a wage statement as required by law.

69. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Ignacio Hernandez, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime wages due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(d) An award of liquidated damages as a result of Defendants' pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)   Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
January 4, 2018

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Ignacio Hernandez, am an employee currently or formerly employed by Nino's 46, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
November 15, 2017