# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

July 10, 2018

**REQUEST FOR APPROVAL OF
AN FLSA SETTLEMENT**

**VIA ECF**

Honorable Judge J. Paul Oetken
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    **Re: Ignacio Hernandez v. Ninos 46 Corp.,** *et al.*
       **Case No. 18 Civ. 74 (JPO)**

Dear Judge Oetken,

  We are counsel for the plaintiff in the above-referenced action. We write jointly with counsel for defendants, pursuant to the court's Order filed June 8, 2018 [Docket 25]. This constitutes the parties' joint request that the settlement reached in this case be approved.

  As plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

*Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.,* 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.*, 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v. Nooch, Inc.,* 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action).

The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "1", and jointly ask the Court to approve the settlement and dismiss the case with prejudice, retaining jurisdiction only to enforce the parties' settlement.

Plaintiff Ignacio Hernandez worked as a pizza maker at a restaurant owned and managed by the defendants during less than one (1) year. He alleged that he worked approximately seventy-three (73) hours per week, and was paid $16.00 per hour without an overtime premium for hours worked in excess of forty (40). Defendants disputed the amount of hours and the allegation of failure to pay overtime and provided payroll records for the relevant time period.

This is an individual action, not a class or collective claim. Plaintiff alleged he was owed the following:

> Overtime premium: $8.00 X 33 hours X approx. 40 work weeks = $10,500
> + Liquidated damages = $10,500 (100% of the overtime due)
> + Spread of hours premiums = +/- $1,500
> + attorneys' fees incurred (~$7,500 and accruing)
> total claim = >~ $30,000

We provided an initial settlement demand of $30,000 and after much back and forth between counsel, the parties agreed to resolve the case for $20,000.

The initial demand and ultimate settlement confirm this was always a small claim. Defendants disputed that the alleged violation took place and the agreement was certainly the result of an arm-length negotiation.

As described herein, the parties firmly believe and agree that the settlement is a fair and reasonable resolution of a bona fide dispute reached as a result our review of records, meetings with the parties (prior to and after suit was commenced), and negotiations between the parties and their counsel.

Of the total settlement, counsel for plaintiff states that plaintiff will receive $13,000, and counsel will receive $7,000, which represents one-third of the total settlement, in addition to a portion of the court's filing fee and our service of process expenses, in full satisfaction of attorneys' fees, costs, and expenses.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info.*

*Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, there is no question that that settlement did not come about because of "overreaching" by the employer. Indeed, plaintiffs' counsel respectfully submits that this settlement represents a realistic outcome in the case; and certainly the parties worked toward settlement in a manner which conserved litigation expenses by avoiding unnecessary discovery such as depositions and motion practice.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Had litigation proceeded, an award of fees would have been substantially higher, even if the plaintiff himself had fared no better.

As such, Counsel respectfully submits that the settlement does not favor plaintiff's counsel over plaintiff. The attorneys' fees proposed are also consistent with the retainer agreement between plaintiff and Cilenti & Cooper, PLLC. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *See*, *In re Lawrence*, 2014 WL 5430622 (NY October 28, 2014). *See also*, *Sukhnandan Royal Healthcare of Long Island*, 2014 U.S. Dist. LEXIS 105596, *27 (S.D.N.Y. 2014) (without contingency agreements, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.); *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, *9 (S.D.N.Y. 2010) (the New York Labor Law is a remedial statute, the purpose of which is served by adequately compensating attorneys who protect wage and hour rights.")

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) Cilenti & Cooper, PLLC respectfully submits that is incurred approximately twenty (20) hours of attorney time, including time and pay records including pre-litigation investigation, preparation of the complaint, client meetings, preparation for mediation with the Magistrate Judge, drafting documents and negotiation a resolution and ultimately the settlement agreement and this application. Plaintiff is indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses. Moreover, the fee requested herein is less than the firm's lodestar at present.

Plaintiff's attorney, Peter H. Cooper, Esq., is the founding partner of Cilenti & Cooper, PLLC. He graduated with from Vermont Law School with a J.D. in 1995, where he was an Editor of the Vermont Law Review. In the over twenty (20) years since he was admitted to practice in the State of New York and the Southern District of New York, he has litigated thousands of cases from inception through disposition. He has practiced in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Since he formed Cilenti & Cooper, PLLC in 2009, Mr. Cooper's practice has been largely devoted to representing individuals who are unable to pay for the services of an attorney out of pocket. Mr. Cooper also lectures on the topic of wage theft and

workers' rights at LaGuardia Community College and the Borough of Manhattan Community College.

A proposed order of dismissal is attached hereto as Exhibit "2".

For the foregoing reasons we jointly, and respectfully, ask the court to approve the settlement. On behalf of the parties we thank the court for its consideration of this matter.

Respectfully submitted,

Cilenti & Cooper, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017

By: */s/ Peter H. Cooper*
Peter H. Cooper, Esq.

Mandelbaum Salsburg, P.C.
3 Becker Farm Road – Suite 105
Roseland, NJ 07068

By: */s/ Dennis J. Alessi*
Dennis J. Alessi, Esq.